## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HON. JOSEPH E. SCHMITZ
5502 Parkston Road
Bethesda, Maryland 20816

     Plaintiff,

     v.                          Case No. ___

U.S. DEPARTMENT OF DEFENSE
1155 Defense Pentagon
Washington, DC 20301-1155

     Defendant.

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Joseph E. Schmitz brings this civil action against Defendant Department of Defense for declaratory and injunctive relief under the Freedom of Information Act, 5 U.S.C. § 552, and respectfully requests expedited review under 28 U.S.C. § 1657(a).  Plaintiff alleges:

### NATURE OF THE CASE

1.      The Freedom of Information Act strongly favors openness because the statute compels agencies to disclose information to the public. As the Department of Justice website aptly describes: "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed. The FOIA is often explained as a means for citizens to know what their Government is up to."

2.      In violation of this statutory obligation, the Department of Defense has not responded to two FOIA requests submitted on February 16, 2024. The Department did not make a timely determination, and it did not produce any responsive documents.  Plaintiff seeks declaratory

and injunctive relief under FOIA to compel the Department to comply with its statutory obligations.

## PARTIES

3.      Plaintiff The Honorable Joseph E. Schmitz served as the fifth Senate-confirmed Inspector General of the Department of Defense from April 2002 to September 2005.  For his service as Inspector General, Schmitz was awarded the Department of Defense Medal for Distinguished Public Service, the highest honorary award presented by the Secretary of Defense to non-career federal employees.

4.      Defendant United States Department of Defense is an agency within the meaning of 5 U.S.C. § 552(f), and it is in possession, custody, or control of records requested by Plaintiff that are the subject of this action.

## JURISDICTION AND VENUE

5.      The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

7.      The suit is timely as it has been "filed within six years after the right of action first accrue[d]." 28 U.S.C. § 2401(a); *see also Kenney v. DOJ*, 700 F. Supp. 2d 111, 115 (D.D.C. 2010) (explaining that the statute of limitations in Section 2401(a) "is a jurisdictional condition attached to the government's waiver of sovereign immunity").

## LEGAL STANDARD

8.      FOIA strongly favors openness. *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a

democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

9.      FOIA provides the American people with the opportunity to acquire "adequate information to evaluate federal programs and formulate wise policies." *Soucie v. David*, 448 F.2d 1067, 1080 (D.C. Cir. 1971).

10.     As Congress "broadly conceived" the statutory purpose, *EPA v. Mink*, 410 U.S. 73, 79–80 (1973), "disclosure, not secrecy, is the dominant objective of the Act," *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

11.     FOIA requires that an agency respond to a valid request within twenty working days (exempting Saturdays, Sundays, and legal public holidays) upon receipt of such request, including notifying the requestor immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

12.     In certain circumstances, an agency may provide notice to the requester that "unusual circumstances" merit additional time—up to an additional ten working days—to respond to the request. *Id.* § 552(a)(4)(viii)(II)(aa). "Unusual circumstances" include, among other things, "the need for consultation" "with another agency" or "among two or more components of the agency" "having a substantial interest" in the determination of the request. *Id.* § 552(a)(6)(B)(iii)(III). If an agency provides notice to the requester of "unusual circumstances," and it is unable to respond to the request within the statutory deadline, the agency must provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request." *Id.* § 552(a)(6)(B)(ii).

13.     If an agency does not respond to a request within the statutory timeline after the agency's "determination" to "comply with a request for records," the requester is deemed to have

exhausted administrative remedies and immediately may pursue judicial review. *Id.* § 552(a)(6)(C)(i); *see also Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement*, 236 F. Supp. 3d 810, 814 (S.D.N.Y. 2017). An agency may not eschew this exhaustion rule by simply deciding "to later decide." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) (*CREW*). The agency instead must "at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Id.*

14.     An agency is not required to produce responsive, non-exempt records within the 20- or 30-day statutory time limit but instead must make such records "promptly available" "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees, (if any) and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). An agency's "determination" "to comply with a request for records" will also trigger its duty to make such responsive records "promptly available." *Id.* § 552(a)(6)(C)(i).

15.     Although FOIA does not assign a particular timeframe for an agency to comply with its requirement to make documents "promptly available," the D.C. Circuit has concluded that "depending on the circumstances," this requirement "typically would mean within days or a few weeks of a 'determination,' not months or years." *CREW*, 711 F.3d at 188.

16.     An agency responding to a valid request for records "shall make reasonable efforts to search for [such] records." 5 U.S.C. § 552(a)(3)(C). An agency's search is "adequate" if it "has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The agency must conduct a "search reasonably calculated to uncover all relevant documents." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248 (4th Cir. 1994).

**RELEVANT FACTS**

17.    On February 16, 2024, Plaintiff submitted two FOIA requests to the Department.

18.    In the first FOIA request, Plaintiff requested "production of any emails from September 2020 through the present sent or received by Charleen Laughlin, Bishop Garrison, Lt. Gen. Bryan Fenton, or Gen. Randy George"—

- That were sent to, from, or mention "sallydonnelly@gmail.com" or "@sbdadvisors.com" or "Donnelly" or "Sally" or "Carlson" or "Pienaar" or "Chronis" or "DeMartino"

- Were sent to, from, or mention "@pallasadvisors.com" or

- Were sent to, from, or mention "@rebelliondefense.com" or

- Contain the following search terms: "JEDI Cloud Litigation Milestone" or "unsolved capability gaps" or "info paper" or "AWS" or "Amazon" or "JEDI" or "Microsoft" or "Oracle."

Exhibit A (attached here).

19.    In the second FOIA request, Plaintiff requested production of all "e-mails to, from, or copying Sally B. Donnelly from January 1, 2017 through December 31, 2018 mentioning any of the following terms: 'cloud acquisition,' 'Jeff,' 'Bezos,' 'Amazon,' 'AWS,' 'Teresa,' 'Carlson,' 'Chronis,' 'Lynch,' 'London,' 'Hertford,' 'Andre,' 'Pienaar,' 'Graeme,' 'Lamb,' 'Bloomberg,' 'Shay,' 'Assad,' 'Moultrie,' 'Ellen,' or 'Lord.'"  Exhibit B (attached here).

20.    The Department did not respond to either request.  The Department did not issue a determination within twenty working days, and the Department did not explain how "unusual circumstances" may have warranted more time.  Nor did the Department inform Plaintiff of the

scope of the documents that it will produce or the scope of the documents that it plans to withhold under any FOIA exemptions.

## CLAIMS FOR RELIEF

### Count I
### Failure to Comply with Statutory Deadlines in Violation of 5 U.S.C. § 552(a)(6).

21.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 20, as if fully set forth here.

22.    To date, the Department of Defense has not provided a final determination as to the FOIA requests submitted by Plaintiff on February 16, 2024.

23.    More than twenty working days have passed since Plaintiff submitted the FOIA requests.

24.    FOIA requires the Department to have provided a final determination within 20 working days of receipt of the requests. The Department may extend the 20-day period in the event of "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), for a maximum of 10 working days, but it must specify the unusual circumstances for such extension and the date on which a determination is expected, *see id.* §§ 552(a)(4)(A)(viii)(II)(aa), 552(a)(6)(B)(i-ii).

25.    The Department has not identified any unusual circumstances warranting additional time.

26.    Even assuming unusual circumstances existed, the Department has not provided a final determination within 30 working days of receipt of Plaintiff's requests.

27.    In addition, the Department failed to identify a date by which it expected to render a determination in the event of such unusual circumstances, also in violation of FOIA. 5 U.S.C. § 552(a)(4)(viii)(II)(aa).

28.     The Department thus failed to make the statutorily required determination as to the FOIA requests, in violation of 5 U.S.C. § 552(a)(6).

29.     Plaintiff constructively has exhausted all administrative remedies required by FOIA. *See* 5 U.S.C. § 552(a)(6)(C)(i).

30.     Courts have recognized that a requester may allege "an independent cause of action" against an agency for violating FOIA "by failing to respond to his request and others within the statutory time limits." *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1186 (N.D. Cal. 1998) (citing *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988)).

31.     Over the last few years, Plaintiff has submitted various FOIA requests to the Department of Defense seeking documents and records related to the conduct of Sally B. Donnelly. The Department consistently has failed to respond to those requests within the statutory time limits. Plaintiff nevertheless continues to submit FOIA requests to the Department, and he will continue to do so in the future.

32.     The Department has maintained an unlawful "*policy or practice*" of failing to respond to Plaintiff's FOIA requests within the statutory time limits, thus impairing his "lawful access to information" now and "in the future." *Payne*, 837 F.2d at 491 (court's emphasis); see also *Judicial Watch, Inc. v. DHS*, 895 F.3d 770, 778–79 (D.C. Cir. 2018).

33.     Plaintiff has suffered—and will continue to suffer—continuing injury because of the Department's policy or practice.  The Department's policy or practice has impaired Plaintiff's lawful right to access agency records and information under FOIA. The Department's consistent failure to comply with the statutory deadlines frustrates the very purpose of FOIA by withholding information from public scrutiny.

34.    District courts retain "broad equitable power," and, in enacting FOIA, Congress did not "limit the inherent powers of an equity court" to grant injunctive relief to a requester consistent with the Act.  *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 18 (1974).  A court therefore may grant "tailored injunctive relief," *Judicial Watch*, 895 F.3d at 785, to bar future violations of the statute.  Or a court may provide declaratory relief.  *Id.* at 778 (citing *Payne*, 837 F.2d at 494–95).

**Count II**
**Unlawful Withholding of Agency Records in Violation of 5 U.S.C. § 552(a)(3).**

35.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 20, as if fully set forth here.

36.    FOIA requires the Department to process a valid request for agency records and "promptly" to provide responsive records, or the reasonably segregable portions of those records, to Plaintiff.  5 U.S.C. § 552(a)(3)(B).  This statutory requirement "typically would mean *within days or a few weeks* of a 'determination,' not months or years."  *CREW*, 711 F.3d at 188 (emphasis added).

37.    As explained above, the Department has not made a determination as to either of Plaintiff's FOIA requests.  Nor has the Department provided any responsive records or otherwise claimed that any responsive records are exempt from disclosure.

38.    This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld."  5 U.S.C. § 552(a)(4)(B).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays that this Court:

A.    Declare that the Department failed to comply with statutory deadlines in violation of 5 U.S.C. § 552(a)(6);

B.   Order the Department to make a determination for both FOIA requests at issue;

C.   Declare that the Department unlawfully has withheld records, or portions of responsive records, in violation of 5 U.S.C. § 552(a)(3)(B);

D.   Order the Department to immediately and expeditiously provide Plaintiff with all records responsive to the FOIA requests;

E.   Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412(d);

F.   Fully expedite this action pursuant to 28 U.S.C. § 1657(a); and

G.   Grant such other relief as the Court may deem just and proper.


Date: February 14, 2024

Respectfully submitted,

*/s/ Philip O'Beirne*

Philip O'Beirne (DC Bar No. 1003436)
Stein Mitchell Beato & Missner LLP
2000 K Street, NW Suite 600
Washington, DC 20006
Tel: (202) 661-0959
Fax: (202) 296-8312
pobeirne@steinmitchell.com